SHAWN N. ANDERSON
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 479-4146
FAX: (671) 472-7215

Attorney for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 21-00021 |
|---|---|
| Plaintiff, | INFORMATION |
| | **DISTRIBUTION AND SALE OF UNREGISTERED PESTICIDE** [7 U.S.C. §§ 136j(a)(1)(A) and 136*l*(b)(1)(B)] (Count 1) |
| vs. | **CONSPIRACY TO DISTRIBUTE AND SELL UNREGISTERED PESTICIDE** [18 U.S.C. § 371, 7 U.S.C. §§ 136j(a)(1)(A) and 136*l*(b)(1)(B)] (Count 2) |
| KWONG YAU LAM, | |
| Defendant. | **FALSE STATEMENT TO GOVERNMENT AGECY** [18 U.S.C. § 1001(a)(2)] (Count 3) |

THE UNITED STATES ATTORNEY CHARGES:

**INTRODUCTION**

At all times material to this Information:

1. The Federal Insecticide, Fungicide and Rodenticide Act (FIFRA) regulates the production,

INFORMATION - 1

sale, distribution, and use of pesticides in the United States. A "pesticide" is any substance or mixture of substances intended for preventing, destroying, repelling, or mitigating any pest. 7 U.S.C. § 136(u); 40 C.F.R. § 152.3. The term "pest" is broadly defined to include, among other things, viruses, bacteria, or other micro-organisms. 7 U.S.C. § 136(t). The term "antimicrobial pesticide" is defined as a pesticide that is intended to disinfect, sanitize, reduce, or mitigate growth or development of microbiological organisms, or to protect inanimate objects or surfaces from contamination caused by bacteria, viruses, and other microbes. 7 U.S.C. § 136(mm); 40 C.F.R. § 152.5(d).

2. FIFRA requires all pesticides to be registered with the U.S. Environmental Protection Agency (EPA) before they can be sold or distributed. 7 U.S.C. § 136a(a). The registration process is detailed, and applicants are required to submit a substantial amount of information to the EPA in support of a request for registration. Information that must be submitted in support of an application to register a pesticide includes the complete formula of each pesticide for which registration is sought, including the identity of its active and inert ingredients, all proposed labeling for the pesticide, and a statement of all pesticidal claims to be made for the pesticide. *See* 7 U.S.C. § 136a(c).

3. Antimicrobial pesticides are subject to specific data requirements in order to be registered by the EPA. *See* 40 C.F.R. Part 158, Subpart W. All antimicrobial pesticide applicants for registration must ensure through testing that their product is efficacious when used in accordance with label directions and commonly accepted pest control practices. 40 C.F.R. § 158.2220(a)(1). An antimicrobial pesticide that makes "public health claims" must be supported by additional product performance data required by the EPA as part of the application for registration. 40 C.F.R. § 158.2220(a)(2). An antimicrobial pesticide product is considered to make a "public health claim" if the product bears a claim to control pest microorganisms that pose a threat to

INFORMATION - 2

human health and whose presence cannot be readily observed by the user. 40 C.F.R. § 158.2204(a).

4. Registered pesticides are given a product registration number beginning with the phrase "EPA Reg. No." Pesticide-producing establishments also receive an establishment-registration number (designated by the phrase "EPA est. No."). 40 C.F.R. §§ 156.10(e) and 156.10(f). As a condition of registration, all registered pesticides must have a label that bears both the product registration and establishment numbers. 40 C.F.R. § 156.10(a). This label also must contain several other pieces of information, such as the directions for the use of the pesticide (40 C.F.R. § 156.10(i)); child hazard warnings (40 C.F.R. § 156.66); a first aid statement (40 C.F.R. §156.68); precautionary statements for humans and domestic animals (40 C.F.R. § 156.70); and environmental hazard and precautionary statements (40 C.F.R. §§ 156.80 and 156.85). Proposed labels must be submitted to the EPA along with the application for registration. 40 C.F.R. § 152.50(e); 7 U.S.C. §§ 136a(c)(1)(C) and 136a(c)(5)(B). All required information on a label is required to appear in the English language. 40 C.F.R. § 156.10(a)(3). All pesticides intended for use in the United States are to bear their EPA registration number on their labels, preceded by the phrase "EPA Registration No." or "EPA Reg. No." 40 C.F.R. § 156.10(e).

5. It is unlawful for any person in any state to distribute or sell to any other person a pesticide that has not been registered under FIFRA. 7 U.S.C. § 136j(a)(1)(A). FIFRA defines "distribute or sell" to include not only actual sale or distribution of a pesticide, but also the act of offering a pesticide for sale. 7 U.S.C. § 136(gg); 40 C.F.R. § 152.3.

6. It is also unlawful for any person to sell or distribute to any other person a pesticide that is "misbranded." 7 U.S.C. § 136j(a)(1)(E). A pesticide is "misbranded" under FIFRA if, *inter alia*, its container does not have a label bearing the pesticide's registration number or if its

INFORMATION - 3

labeling bears any statement, design, or graphic representation relative to the pesticide or its ingredients, which is false or misleading. 7 U.S.C. § 136(q)(1)(A).

7. Taomit Virus Shut Out was a pesticide that was not registered with the EPA in accordance with FIFRA. Its label was printed in Japanese and did not contain its EPA registration numbers.

## COUNT 1: DISTRIBUTION AND SALE OF UNREGISTERED PESTICIDE

8. Paragraphs 1 through 7 of this Information are realleged and incorporated as if fully set forth herein.

9. On or about March 20, 2020, in the District of Guam, the defendant, KWONG YAU LAM, did knowingly distribute and sell a pesticide that was not registered, that is the defendant sold 100 packages of Taomit Virus Shut Out, which at the time was not registered under Title 7, United States Code, Section 136a, and that was not otherwise authorized by the Administrator of the U.S. Environmental Protection Agency, in violation of Title 7, United States Code, Sections 136j(a)(1)(A) and 136*l*(b)(1)(B).

## COUNT 2: CONSPIRACY TO DISTRIBUTE AND SELL UNREGISTERED PESTICIDE

10. Paragraphs 1 through 9 of this Information are realleged and incorporated as if fully set forth herein.

11. Between in or about late February 2020 and on or about March 22, 2020, in the District of Guam and elsewhere, the defendant, KWONG YAU LAM and others, known and unknown, did knowingly and intentionally conspire to distribute and sell a pesticide that was not registered, that is the defendant purchased and caused to be mailed from Hong Kong to Guam 600 packages of Taomit Virus Shut Out, which at the time was not registered under Title 7, United States Code, Section 136a, and that was not otherwise authorized by the Administrator of the U.S.

INFORMATION - 4
Case 1:21-cr-00021 Document 1 Filed 08/23/21 Page 4 of 5

Environmental Protection Agency, in violation of Title 7, United States Code, Sections 136j(a)(1)(A) and 136l(b)(1)(B).

All in violation of Title 18, United States Code, Section 371.

**COUNT 3: FALSE STATEMENT TO GOVERNMENT AGENCY**

12. On or about March 26, 2020, in the District of Guam, the defendant, KWONG YAU LAM, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States by stating and representing to agents from the U.S. Department of Homeland Security, Homeland Security Investigations that he did not previously sell Taomit Virus Shut Out packages when, in truth and fact, as defendant KWONG YAU LAM then well knew, he had previously sold Taomit Virus Shut Out packages to vendors in Guam.

All in violation of Title 18, United States Code, Section 1001(a)(2).

DATED this 16th day of August 2021.

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

INFORMATION - 5